UNITED STATES DISTRICT COURT

STATE OF MONTANA

| | |
|---|---|
| Valerie Stamey | Civil Action No._____ |
| Plaintiff, | |
| v. | |
| The Ravalli County County Commission, Greg Chilcott (In his official and personal capacity), J.R. Iman (In his official and personal capacity), Jeff Burrows (In his official and personal capacity), Suzzy Foss (In her official capacity), Bill Fulbright (In his official and personal capacity), Regina Plettenberg (In her official capacity), Chris Hoffman (In his personal capacity), Karlyse Murphy (In her personal capacity), Jana Exner (In her personal capacity), Linda Issacs (In her personal capacity), Mary Borden (In her personal capacity), Joanne Johnson (In her personal capacity), Bonnie Dugan (In her personal capacity), Michael Howell (In his personal capacity), and Charlene Hanson Groves (In her personal capacity), | This action is related to:<br><br>9:16-cv-00023-DLC |
| Defendants. | |

<u>COMPLAINT</u>

Ravalli County Commission acting under the color of law deprived

Plaintiff Valerie Stamey of her legal property interest as Ravalli County Treasurer when they voted to illegally suspended from her position as Ravalli County Treasurer without pay on June 25, 2014 without Plaintiff being first charged with Official Misconduct under the criminal action of M.C.A. 45-7-401.  M.C.A. 7-6-2103 does provided a Montana County Commission the discretion to suspended a County Treasurer when an action is brought for official misconduct.

However, under Montana Law there is only one action recognized for official misconduct and it is criminal charge under M.C.A. 45-7-401.  The Ravalli County Commissioners filed a civil suit in Ravalli County District Court alleging official misconduct.  There is no recognized civil action for official misconduct in Montana by which a Treasurer may be suspended from office.  The Ravalli County Commission acted outside of the laws of Montana in suspending the Plaintiff without pay violating her right to her position as protected to her under the Fourteenth Amendment.

Defendants Chilcott, Iman, and Burrows (listed below) did act with actual evil intent and malice in removing the Plaintiff from office unconstitutionally under the color of law.

Defendants Fullbright, Hoffman, Murphy, Exner, Issacs, Borden, Johnson, Dugan, Howell, and Groves conspired with Chilcott, Iman, and Burrows to deprive the Plaintiff of her Federally recognized property right to her position as Ravalli County Treasurer in violation of the U.S.

Constitution.

This case represents the coordinate effort on the part of those in charge of Ravalli County government to utterly destroy the livelihood and dignity of a person based on a complete fabrication to protect the malfeasance of the Defendant's herein named. In Ravalli County, they aren't contented to beat you; they must destroy everything about you.

## NATURE OF ACTION AND JURISDICTION

1. This is a civil action under 42 U.S.C § 1983 seeking damages against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States; Additional Defendants conspiring with those acting under color of law with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States.

2. This case arises under the United States Constitution and 42 U.S.C. Sections 1983 and 1988, as amended. This Court has jurisdiction in this matter pursuant to 28 U.S.C. Sections 1332 and 1343.

3. The Court has personal jurisdiction over all the defendants as they are all believed to live in Ravalli County, Montana.

4. This Court enjoys venue under 28 U.S.C. § 1391(a)(2) because all or a substantial portion of the events that gave rise to Plaintiff's claims transpired in Ravalli County, Montana.

## PARTIES

1. Plaintiff, Valerie Stamey, is currently a resident of the State of South Carolina. Mrs. Stamey was appointed Treasurer of Ravalli County and assumed office on September 13, 2013. On July 25, 2014, the Ravalli County Commissioners voted to stop payment of Plaintiff's salary and permanently suspending her from her position as Ravalli County Treasurer.

2. Defendant, Ravalli County Commission.

3. Defendant, Greg Chilcott, then and currently a Ravalli County Commissioner voted to suspend the Plaintiff. Sued in his official and individual capacity

4. Defendant, J.R. Iman, then a Ravalli County Commissioner voted to suspend the Plaintiff. Sued in his official and individual capacity.

5. Defendant, Jeff Burrows, then and currently a Ravalli County Commissioner voted to suspend the Plaintiff. Sued in his official and personal capacity

6. Defendant, Suzzy Foss, then a Ravalli County Commissioner voted to suspend the Plaintiff. Sued in her official capacity.

7. Defendant, Bill Fulbright, then and currently Ravalli County Auditor.

   Sued in his official and individual capacity.

8. Defendant, Regina Plettenberg, then and currently Ravalli County Clerk and Recorder. Sued in her official capacity.

9. Defendant, Chris Hoffman, former Ravalli County Sheriff, sued in his individual capacity.

10. Defendant, Linda Issacs, former deputy treasurer, sued in her individual capacity.

11. Defendant, Mary Borden, former deputy treasurer, sued in her individual capacity.

12. Defendant, Joanne Johnson, former treasurer and deputy treasurer, sued in her individual capacity.

13. Bonnie Dugan, deputy treasurer, sued in her individual capacity.

14. Karlyse Murphy, county employee, sued in her individual capacity.

15. Jana Exner, county employee, sued in her individual capacity.

16. Charlene Hanson, sued in her individual capacity.

17. Defendant, Michael Howell, sued in his individual capacity.

## STATEMENT OF FACTS

1. The Ravalli County Commission, and County Commissioners, Greg Chilcott, J.R. Iman, Jeff Burrows, and Suzzy Foss voted to suspend the Plaintiff from her office without pay on June 25, 2014.

2. Montana Law only allows for the suspension of a Treasurer upon a

criminal charge of official misconduct.

3. Montana Law does not recognize a civil charge of official misconduct in this circumstance.

4. Greg Chilcott, J.R. Iman, Jeff Burrows, and Bill Fulbright orchestrated a cover up investigation of the long-term deficiencies in the Ravalli County Treasurers Office where they prohibited Nels Swandell and the accounting firm of Anderson Zurhmullen from investigating the facts of Ravalli County's failure to abide by Montana's finances laws concerning County governance by limiting those investigations to the Plaintiff's short tenure as Ravalli County Treasurer.

5. J.R. Iman is believed of have external access to the Treasurer's accounting software.

6. J.R. Iman also had access to the Treasurer's personal office.

7. Bill Fullbright, as Auditor, rejected demands to use the Montana Department of Administration and in the alternative, make a request of the Federal Bureau of Investigation to investigate the financial issues in Ravalli County.

8. Bill Fulbright acting in dual capacity as County Auditor and County Attorney instead advised the county commission to hire a retired judge Nels Swandall.

9. Mr. Swandall refused to meet with the Plaintiff, her attorney, and

Mr. John Nielsen of the Internal Revenue Criminal Investigations. Mr. Swandall was told that Mr. Nielsen was indispensable to understanding the design of the of Ravalli County's accounting that could allow the theft of public monies.

10. Ravalli County Treasurer software allowed multiple access to the software under the same name.

11. The usual method of correcting for an error in an accounting software was not employed allowing a person to remove and delete information without a record of the original transaction.

12. A person having access to the Treasurer's software could manipulate a transaction to appear that an account had been paid in full when it wasn't.

13. Mr. Fulbright also chose and advised the Ravalli County Commission to hire the accounting firm of Anderson Zurmuhlen to do the job that Mr. Fulbright failed to do as County Auditor.

14. Bill Fulbright refused to provide the records required to be kept by his office when demanded. It is believed that they don't exist. See M.C.A. 7-6-2409

15. These investigations were not done by independent bodies but were paid for by the Ravalli County Commission and under its authority.

16. Bill Fulbright and Chris Hoffman lied to the public in their public statement that they had contacted the Montana Department of

Justice.

17. Ravalli County Government had centralized all financial control of Ravalli County Government in a single County employee, Karlyse Murphy.

18. Karlyse Murphy had full administrative control over the accounting software of the Ravalli County Treasurer's Office.

19. Karlyse Murphy demonstrated to the Plaintiff how to manipulate the accounting software so transactions were not individually recorded.

20. The County Auditor had ceded all responsibilities to quarterly examine the books of the Treasurer's Office, the Books of the Ravalli County Clerk and Recorder, and other departments of the County to Karlyse Murphy.

21. The audit responsibilities of the Ravalli County Clerk and Recorder were also centralized in Karlyse Murphy.

22. Karlyse Murphy hired her former boss to run the outside annual audit.

23. Karlyse Murphy stated that the outside auditor trusted her so he did not require verification of records.

24. At the advice of Karlyse Murphy, The Ravalli County Commission later hired Karlyse Murphy's former business partner to run the outside annual audit.

25. The required records of county finances were not kept in Treasurers

Office nor in the Office of the Clerk and Recorder as required by law.

26. Karlyse Murphy contrary to Montana Finance Law prevented the Plaintiff from acting on her duties as Ravalli County Treasurer by refusing to let the Plaintiff make required payments of the County.

27. Karlyse Murphy manipulated the accounting software to prevent the Plaintiff from doing her job creating the false impression that she was incompetent.

28. This illegal prevention by Karlyse Murphy was then used to create a false scheme where by Defendants 10-17 elicited an email and communications campaign to make it appear that Plaintiff was not doing her job when in fact she was being prevented from doing her job by the same people.

29. This campaign was necessary to provide the template upon which Commissioners Chilcott and Iman could remove the Plaintiff from office and defeat her efforts to be reelected.

30. Defendant's 7-17 conspired with the Ravalli County Commission through this scheme to deprive the Plaintiff of her constitutional right to her position as Ravalli County Treasurer.

31. Defendant Howell was the press lynch pin in this false effort. He coordinated with the other defendants to make a news story of the false claims.

32. Defendant Howell additionally ran fifty-four stories including two demonstrably false stories concerning the Plaintiff and her husband.

33. Defendant Howell personally advocated to the County Commission to criminally charge the Plaintiff

34. Defendant Howell had a tax lien that had been purchased by an L.L.C. named HMC that in the records of the Montana Secretary of State's Office has several additional L.L.C.s allowing the L.L.C. to hid the identities of its principals.

35. HMC holds over 90% of the tax liens purchased from Ravalli County.

36. HMC was able to procure these tax liens by preselection of tax deeds prior to the designated date of sale.

37. Charlene Hanson later caught for embezzlement accused and blamed the Plaintiff in a meeting in January of 2014 that Plaintiff was responsible for Charlene Hanson being unable to balance the books of the Ravalli County Justice of the Peace.  This story was used to further the false meme that the Plaintiff had not provided proper reconciliation of the records.

38. The Plaintiff had placed Defendant Johnson in charge of reconciliation.

39. Defendant Johnson quite her position having not done the required reconciliation and departmental reports.

40. Ravalli County has allowed 23 separate departments the ability to sign their own check and check book access without necessarily requiring Commission approval of the transaction.

41. Defendant Exner assisted Defendant Murphy in sabotage of the Plaintiff's responsibilities as treasurer and conspiring to with the Ravalli County Commission.

42. Defendants Johnson, Issacs, Borden, Groves, Hoffman, and Fullbright conspired with the Ravalli County Commission with malice and evil intent.

43. Defendant Plettenberg, acting in her capacity as Ravalli County Clerk and recorder acted in disregard of the Plaintiff's rights.

## COUNT I

Paragraphs 1-43 are incorporated herein by reference The Ravalli County Commission and all Defendants 2-6 under the color of law illegal deprived the Plaintiff of a vested property interest in her position as Ravalli County Treasurer in violation on her Federally recognized constitutional rights under 42 U.S.C. resulting in permanent damage to the Plaintiff's future income.

## COUNT II

Defendants 7-17 excepting Defendant 8 conspired with malice and evil intent with the Ravalli County Commission and Defendants 3-5 to deprive the Plaintiff of her Federally recognized rights under 42 U.S.C. 1983.

## COUNT III

Defendant 8 did know that the facts surrounding the suspension of the Plaintiff were false and did nothing to protect the Plaintiff ignoring the violation of her Federally recognized constitutional rights.

## DEMAND

Compensatory Damages against all parties for loss of economic opportunity resulting from their actions in the amount of $240,000.00, Attorney fees under 42 U.S.C. 1988 for all parties, and punitive damages against all parties individually named as they acted with malice and evil intent in depriving the Plaintiff of her constitutional rights jointly and severably in the amount of $20,000,000.00.

## JURY TRIAL

Demand for Jury Trial


Respectfully Submitted,

/s/
_____

Robert C.
Myers Bar
#11434

555 Skyfire Drive

Hamilton, MT
Mobile: 406-369-8015
Email: Robertcmyers@outlook.com