IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| VALERIE STAMEY,<br><br>Plaintiff,<br><br>vs.<br><br>THE RAVALLI COUNTY COMMISSION, GREG CHILCOTT (in his official and personal capacity), J.R. IMAN (in his official and personal capacity), JEFF BURROWS (in his official and personal capacity), SUZZY FOSS (in her official capacity), BILL FULBRIGHT (in his oficial and personal capacity), REGINA PLETTENBERG (in her official capacity), CHRIS HOFFMAN (in his personal capacity), KLARRYSE MURPHY (in her personal capacity), JANA EXNER (in her personal capacity), LINDA ISSACS (in her personal capacity), MARY BORDEN, (in her personal capacity), JOANNE JOHNSON (in her personal capacity), BONNIE DUGAN (in her personal capacity), MICHAEL HOWELL (in his personal capacity), and CHARLENE HANSON GROVES (in her personal capacity),<br><br>Defendants. | CV 17–87–M–DLC<br><br>ORDER |

Plaintiff Valerie Stamey ("Stamey") filed her complaint in this matter on June 25, 2017. (Doc. 1.) Defendants Greg Chilcott, J.R. Iman, Jeff Burrows, Suzzy Foss, Bill Fulbright, Regina Plettenberg, Chris Hoffman, Klarryse Murphy, Jana Exner, Linda Issacs, Mary Borden, Joanne Johnson, Bonnie Dugan, Charlene Hanson Groves, and the Ravalli County Commission (collectively the "County Defendants") filed their Motion to Dismiss for Failure to State a Claim on October 13, 2017. (Doc. 6.) Defendant Michael Howell ("Howell") filed his Motion to Dismiss for Failure to State a Claim on October 24, 2017. (Doc. 9.) On October 27, 2017, Stamey, through her counsel of record, Robert C. Myers ("Myers"), filed a Motion for Extension of Time to File Response to County Defendant's Motion to Dismiss, making the superfluous request to extend the deadline up to the date the deadline was already set. (Doc. 11.) On November 1, 2017, the Court ordered that Stamey file her response briefs to both Motions to Dismiss by November 14, 2017. (Doc. 14.)

Stamey did not file any response briefs by November 14. Instead, one week after the deadline had passed, Stamey filed a "Notice of Intent to File a Motion for Leave to File." (Doc. 15.) This rambling "notice" failed to apprise the Court of when or what Stamey intends to file. Moreover, the "notice" did not respond to the two Motions to Dismiss despite the extension of time within which to do so.

Taking note of this, both Howell and the County Defendants filed a Notice of Ripeness accompanied by a Motion to Dismiss for Failure to File a Response Brief. (Docs. 16; 18.) For the following reasons, the Court will grant Defendants' Motions to Dismiss.

## DISCUSSION

Failure to follow a district court's local rules provides adequate grounds for dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Local Rule 7.1(d)(1)(B)(i) provides that a response to a motion to dismiss "must be filed within 21 days after the motion was filed." As noted above, Stamey did not respond to either Defendants' Motions to Dismiss despite having an extended period of time to do so. However, before dismissal, the Court needs to determine whether the following factors weigh in favor of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Court agrees with Defendants' contention that analysis of these five factors supports dismissal in this case. (Docs. 17 at 4–6; 19 at 3–5.)

The first three factors weigh heavily in favor of dismissal. First, dismissal of this case at this time is the expeditious resolution of this litigation and, second, facilitates the Court's need to manage its docket by culling the docket and freeing judicial resources. These factors are especially important in Stamey's case owing to Myers' insistent filing of bizarre motions and briefs which fail to comply with the Local Rules, are frequently filed after the deadline has passed, and are incoherent.[1] (*See, e.g.*, Docs. 11; 15.) Third, as both Howell and the County Defendants have made clear, there is no risk of prejudice to the Defendants. (Docs. 17 at 5; 19 at 4.)

Regarding the fourth factor, Stamey's failure to respond arguably limits the analysis of the merits of the Motions to Dismiss; however, as explained in the last paragraph of this Order, the Court concludes that the Motions to Dismiss are legally sound and should be granted.

Lastly, the fifth factor weighs in favor of dismissal. While the Court could *sua sponte* order another extension of time for Stamey to respond, the Court finds that this is not justifiable. Stamey has already been given one extension that gave

---

[1] It is worth noting that this characterization of Myers' work is consistent with his work in previous cases. (*See, e.g.*, *Stamey v. Howell*, No. CV 16–23–M–DLC, (Doc. 28) (D. Mont. Mar. 11, 2017); *Myers v. Cotter*, No. CV 16–45–DWM–JCL, (Docs. 53; 61; 75) (D. Mont. June 2, 2017); *Myers v. Fullbright*, No. CV 17–59–DWM–JCL, (Docs. 19; 22) (D. Mont. July 12, 2017).) Nonetheless, the Court has consistently given Myers the benefit of the doubt and given his clients the benefit of this leeway.

-4-

her more than adequate time to file her responses. (Doc. 14.) Although given this extension, Stamey failed to file any response. Instead, Stamey filed a "notice" which nonsensically described the legal research being performed by Myers (just as was previously done in Stamey's Request for Extension of Time to File Response to County Represented Defendants Motion to Dismiss (Doc. 11)) and proffered excuses for her failure to file a response. (Doc. 15.) This "notice" did not apprise the Court of what Stamey intends to file or when it would be filed. Further, the "notice" did not argue any point made by either Defendants' Motions to Dismiss or indicate whether Stamey intends to attempt a response to either Motion at a later date. Lastly, while the "notice" made it clear that Stamey was aware of the deadline, it did not request any extension of that deadline. (*Id.*) A full 22 days after the deadline has passed, the Court has still not received any response or information from Stamey. The Court will not undertake counsel's tasks for him by *sua sponte* issuing another order to extend the deadline for response because the Court is convinced that allowing this case to languish while Myers conducts research that is not clearly relevant to the Motions to Dismiss is not warranted in this case.

After analysis, the Court finds that the five factors weigh in favor of dismissal for non-compliance with L.R. 7.1(d)(1)(B)(i) by failing to respond to Defendants' Motions to Dismiss.

Independent of the above, the claims asserted by the Plaintiff are fatally defective as a matter of law. The Court has reviewed Defendants' Motions to Dismiss and finds that they are both thoroughly argued, based on well-established legal principles, and meritorious. Accordingly,

IT IS ORDERED that County Defendants' Motion to Dismiss (Doc. 6) and Notice of Ripeness and Motion to Dismiss for Failure to File a Response Brief (Doc. 18) as well as Howell's Motion to Dismiss (Doc. 9) and Notice of Ripeness or Motion to Dismiss (Doc. 16) are GRANTED and this case is DISMISSED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter judgment in favor of the Defendants in this case.

Dated this 6th day of December, 2017.

*[signature]*
Dana L. Christensen, Chief Judge
United States District Court